UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERRY SHERMAN,
        Petitioner,

                          No. 1:06-cv-369

-v-

                          HONORABLE PAUL L. MALONEY

CAROL HOWES,
        Respondent.

ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTION

Perry Sherman was convicted by a jury of second degree murder and possession of a firearm during the commission of a felony. After pursuing his appeals in state court, Mr. Sherman filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this court. The magistrate judge reviewed the petition in accordance with 28 U.S.C. § 636(b). The magistrate judge issued a report (Dkt. No. 57) recommending the petition be denied. Petitioner Sherman filed objections. (Dkt. No. 64.)

STANDARD OF REVIEW

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those

portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

## ANALYSIS

The magistrate judge accurately outlined the proper standard for evaluating a habeas petition brought under 28 U.S.C. § 2254. Petitioner has not objected to that portion of the report and recommendation.

### A. DUE PROCESS

Petitioner was charged with first degree murder. The jury acquitted Petitioner of that charge. Petitioner claims there was insufficient evidence presented to submit the charge of first degree murder to the jury. The magistrate judge concluded the evidence presented at trial was sufficient to submit the charge of first degree murder to the jury. The magistrate judge also found the Supreme Court has never held that the submission of a charge to the jury for which there is insufficient evidence violated a defendant's constitutional rights when the defendant is acquitted of that charge. Petitioner objects, asserting that there were facts presented at trial which support his claim for self defense.

The magistrate judge's recommendation is sound and supported by both the facts and the law. Petitioner has not objected to the conclusion that, because he was acquitted on the first degree

2

murder charge, any error was harmless. At the very least, there is no clearly established federal law on this point. *Daniels v. Burke*, 83 F.3d 760, 765 n.4 (6th Cir. 1996) (collecting cases holding that submission of the jury of a charge without sufficient evidence constitute harmless error if the defendant is acquitted on that charge, but declining to address the question because the evidence was sufficient to submit the charge to the jury). *See King v. Trippett*, 27 F.App'x 506, 510 (6th Cir. 2001) (rejecting a petitioner's habeas claim that the charge should not have been submitted to the jury, who subsequently acquitted him on that charge, because, among other reasons, a misapplication of state law is not cognizable in a federal habeas corpus proceeding). Accordingly, Petitioner is not entitled to relief on his claim for violation of his right to due process of law.

### B. JURY INSTRUCTIONS

The jury was given a lesser included offense of second degree murder. The jury convicted Petitioner on that charge. Petitioner asserts the trial judge erred by failing to further instruct the jury on the lesser included offense of manslaughter. The magistrate judge concluded Petitioner's claim does not entitle him to habeas relief. Petitioner objects.

The magistrate judge's recommendation is sound and supported law. The Sixth Circuit Court of Appeals considered and explicitly rejected Petitioner's claim. In *Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir. 1990) (en banc), the court considered whether, "the failure to instruct on lesser included offenses in noncapital cases [is] such a fundamental defect as inherently results in a miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure?" Agreeing with the majority of federal circuits, the court concluded such error was not "cognizable in federal habeas corpus review." *Id. See also Todd v. Stegal*, 40 F.App'x 25, 28-29 (6th Cir. 2002); *Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002) *Johnson v. Abramajtys*, 951 F.2d

3

349 (1991) (unpublished table opinion); *Edwards v. Mack*, 4 F.App'x 215, 218 (6th Cir. 2001) ("Since a noncapital criminal defendant does not have a right to have the jury instructed on lesser included offenses, Edwards has not shown that the state court's determination is an unreasonable application of constitutional law in this case.") (citations omitted).

    C. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner contends his attorney was ineffective for failing to request the jury be provided the lesser included instruction of voluntary manslaughter. The magistrate judge concluded the record supported the state appellate court's holding that the decision not to request the manslaughter charge was a reasonably strategic choice. The magistrate judge also concluded Petitioner could not establish he suffered any prejudice even if he could establish that his attorney was ineffective. Petitioner objects.

The magistrate judge's recommendation is sound and supported by both the facts and the law. The state court of appeals, relying on the transcript from the trial, found support in the record for the conclusion that Petitioner "participated in counsel's decision not to request a manslaughter instruction, and then later changed his mind." *People v. Sherman*, No. 231994, opinion at 5 (Mich. Ct. App. Aug. 16, 2002). Petitioner argues only that counsel had an obligation to marshal the facts in his case and that, because counsel requested the instruction be included after the instructions had been read to the jury, counsel was ineffective. Petitioner's objection does not undermine either the state court of appeals conclusion or the conclusion of the magistrate judge. Petitioner has not offered any evidence that the original decision not to request the manslaughter instruction was either unreasonable or against his wishes. The fact that it was possible for counsel to ask for the instruction prior to when counsel made the request does not necessarily make counsel's performance

4

ineffective. In fact, the basis for the state court of appeal's decision was that Petitioner participated in the decision not to request the manslaughter instruction. Petitioner has not overcome the strong presumption that counsel's conduct fell within a wide range of acceptable professional behavior. *See Strickland v. Washington*, 466 U.S. 668, 689 (1994).

## CONCLUSION

For the reasons provided above, Petitioner is not entitled to habeas relief. The petition is denied.

## CERTIFICATE OF APPEALABILITY

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009). After reviewing the claims for the purpose of a certificate of appealability, a certificate of appealability is denied for the reasons provided in the opinion. Reasonable jurists would not disagree with this court's analysis of Petitioner's claims.

## ORDER

For the reasons provided in the accompanying opinion, **IT IS HEREBY ORDERED**

1. The report and recommendation (Dkt. No. 57) is **ADOPTED OVER OBJECTIONS.**

2. Petitioner Perry Sherman's petition for writ of habeas corpus is **DENIED.**

3. A certificate of appealability is **DENIED.**


Date:   November 24, 2009                              /s/ Paul L. Maloney
                                                       Paul L. Maloney
                                                       Chief United States District Judge